**FILED**

DEC 29 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK LEON WEBSTER, | No. C 87-4949 SI |
| Petitioner, | **ORDER DENYING MOTION FOR RECONSIDERATION** |
| v. | |
| E. MEYERS, SUPERINTENDENT, | |
| Respondent. | |



Petitioner has filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(6). Petitioner seeks reconsideration of an order filed April 4, 1988, denying petitioner's petition for writ of habeas corpus ("the 1987 petition"). The 1987 petition challenged a 1985 conviction for bank robbery. Petitioner's motion for reconsideration asserts that there are claims that petitioner wished to present in the 1987 petition, but that he was prevented from doing so because prison officials allegedly altered the 1987 petition before it was sent to the district court.

In addition to the 1987 petition, petitioner has filed three other petitions challenging the 1985 conviction. One petition, filed in 2001, challenged the validity of a 1995 sentence on the ground that the 1985 conviction used to enhance the 1995 sentence was unconstitutionally obtained. *Webster v. Ortiz*, C 01-0453 MMC. That petition was denied in an order filed July 23, 2001. A second petition, filed in 2002, also challenged the 1985 conviction and sought to raise claims that were not presented in the 1987 petition, allegedly because prison officials altered the 1987 petition and omitted certain claims from the version filed with the court. *Webster v. Myers*, C 02-0305 MMC. In an order filed April 10, 2002, the 2002 petition was dismissed as a second or successive petition attacking the same conviction as the 1987 petition. Petitioner was instructed that he must seek permission from the United States



Court of Appeals to file a second or successive petition. 28 U.S.C. § 2244(b)(1)-(3). A third petition, filed in 2007, also challenged the 1995 sentence on the ground that the 1985 conviction was constitutionally invalid. As with the previous petitions, the 2007 petition claimed that petitioner had been denied access to the courts because the 1987 habeas petition had been altered by prison officials before it was filed. *Webster v. Hedgpeth*, C 07-3830 MMC. By order filed November 2, 2007, the 2007 petition was dismissed because petitioner had not obtained authorization from the Ninth Circuit to file a second or successive petition.

In orders filed on August 9, 2006 and February 21, 2008, the Ninth Circuit denied petitioner's applications for authorization to file a second or successive 28 U.S.C. § 2254 habeas corpus petition.

The instant motion for reconsideration of the April 4, 1988 order presents the same arguments that petitioner has unsuccessfully advanced in the various petitions that have been dismissed as second or successive petitions. If viewed as a Rule 60(b)(6) motion for reconsideration, the motion lacks merit because petitioner has not shown a basis for relief. Among other problems, the record demonstrates that petitioner has long been aware of the basis for the Rule 60(b)(6) motion – the alleged alteration of the 1987 petition – and yet provides no explanation for why he has waited until now to seek to set aside the judgment. Alternatively, if the Rule 60(b) motion is construed as a second or successive petition, *see Allen v. Ornoski*, 435 F.3d 946, 957 (9th Cir. 2006), the petition is dismissed because petitioner has not obtained an order from the Ninth Circuit authorizing him to file a second or successive petition in the district court.

**IT IS SO ORDERED.**

Dated: December 29, 2009

SUSAN ILLSTON
United States District Judge

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

WEBSTER,

        Plaintiff,

v.

MEYERS,

        Defendant.

Case Number: 87-4949

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 30, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Frank L. Webster
D19459
Kern Valley State Prison
P.O. Box 6000
Delano, CA 93216

December 30, 2009

Richard W. Wieking, Clerk
By: